IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JODY M. WAGNER,

                          OPINION AND ORDER

              Plaintiff,

                          12-cv-376-slc[1]

     v.

DALIA SULIENE and DEPARTMENT
OF CORRECTIONS OF WISCONSIN,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil action under 42 U.S.C. § 1983 for monetary and injunctive relief, plaintiff Jody M. Wagner alleges that defendant Dalia Suliene and the Department of Corrections violated his rights under the Eighth Amendment by not approving surgery for his degenerative joint disease and osteoarthritis in his hip and by not adequately treating his pain. Plaintiff is proceeding under the in forma pauperis statute, 28 U.S.C. § 1915, and has made an initial partial payment.

Because plaintiff is a prisoner, I am required by the 1996 Prison Litigation Reform Act to screen his proposed complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In addressing any pro se litigant's complaint, the court must read the allegations of the

---

[1] For the purpose of issuing this order, I am assuming jurisdiction over this case.

1

complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972).

After reviewing the complaint, I conclude that plaintiff may not proceed on his claim at this time. Defendant Department of Corrections will be dismissed because it is immune from suit under § 1983. Plaintiff will be denied leave to proceed on his claim that defendant Dalia Suliene failed to treat his hip ailment adequately because his allegations show he received treatment. Last, plaintiff's claim that Suliene failed to treat his pain adequately must be dismissed because his allegations are too ambiguous to provide defendant with notice of his claim, as required by Fed. R. Civ. P. 8.

In his complaint, plaintiff alleges the following facts.

ALLEGATIONS OF FACT

Plaintiff Jody Wagner is a prisoner at the Columbia Correctional Institution, where defendant Dalia Suliene works as a physician. On August 4, 2011, plaintiff slipped on a wet floor while working in the kitchen and injured his right groin area. The injury also caused bruises in the hip and pelvic area. Plaintiff was in severe pain and found it difficult to walk. Plaintiff was particularly worried about this injury because in August 1997 he fractured his right hip at the ball and socket joint and cracked his pelvis. His right hip was being held together by four metal screws and he was concerned that the screws might have become misaligned.

The next day, plaintiff received a brief examination, x-rays and an ice-pack from the nurses at the health services unit. The x-ray was taken while plaintiff was lying down on his

side, with no weight or pressure on the joint.  The nurses concluded that he suffered a torn ligament or a pulled muscle.

Plaintiff continued to suffer from severe pain in the groin area, buttocks and lower back.  He experienced sharp pain running down the back of his leg to his big toe, associated with rhythmic pulsing, cramping and tightness.  He was unable to put on his socks or shoes and founding walking difficult.  On October 3, 2011, he was issued a cane to help him walk. Plaintiff continued to submit health services requests, so defendant scheduled an appointment with an orthopedic specialist, Dr. O'Brian.

At the appointment on November 9, 2011, O'Brian concluded that plaintiff was suffering from "post-traumatic degeneration joint disease" and "severe osteoarthritis (bone on bone with large osteophte)."  The osteophte, or joint spurs, form particles of bone that break off and stay lodged in the joint.  O'Brian recommended that plaintiff be seen at the orthopedic clinic at the University of Wisconsin Hospital in Madison to determine whether he would be a good candidate for orthoplasty to remove the growths and reshape the hip.

Plaintiff was seen by orthopedic doctors Richard Illgen and Jay Hanson on January 12, 2012.  Dr. Illgen examined plaintiff while he was lying on his back shackled.  He measured the internal and external range of motion for plaintiff's leg, although the shackles limited plaintiff's range of motion.  Illgen also reviewed the x-rays with plaintiff that had been taken 5 months earlier, noting that joint disease was deteriorating the joint space and that the arthritis in his right hip was increasing.

Illgen concluded that plaintiff still had "a fair amount" of joint space available and

3

he "would like to see the plaintiff get at least five years out of it before he would like to even discuss the option of total right hip replacement." Illgen ordered non-operative care, directing plaintiff "to continue with Nsaids and needle hydrocorticosteroid injections as needed for pain management." In addition, Illgen said that plaintiff was too young for hip replacement surgery and suggested plaintiff return for another evaluation in five years. Plaintiff had seen Illgen approximately ten years earlier, and at that time Illgen told him that he would not be an appropriate candidate for hip replacement until he was in his 40s. Plaintiff is now 43. Illgen and Hanson did not explore the option of orthoplasty.

Plaintiff's symptoms have persisted and he continues to need a cane to walk. Over the last eight months, plaintiff has filed multiple health services requests asking when the medical unit would be equipped to administer steroid injections to relieve the pain. (It is not clear from the complaint whether the unit ever responded or whether the unit is unable to provide the shots.) Despite his continued complaints, plaintiff has received no other testing of his symptoms.

In his request for relief, plaintiff is seeking an injunction ordering defendants Dalia Suliene and the Department of Corrections to give plaintiff a total right hip replacement, compensatory damages in the amount of $12,000 and an equal amount of punitive damages.

OPINION

As an initial matter, plaintiff's federal claims under 42 U.S.C. § 1983 cannot be asserted against defendant Wisconsin Department of Corrections. Section 1983 authorizes

actions against any "person" that violates the constitutional rights of another. Neither states nor state agencies are "persons" that can be sued under § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 (1989); Ryan v. Illinois Dept. of Children and Family Services, 185 F.3d 751, 758 (7th Cir.1999). Further, the Eleventh Amendment bars suits by private citizens against a state entity in federal court. Edelman v. Jordan, 415 U.S. 651, 663 (1973).

That leaves plaintiff's claims under the Eighth Amendment against defendant Dalia Suliene. Under the Eighth Amendment, prison officials have a duty to provide medical care to those being punished by incarceration. Estelle v. Gamble, 429 U.S. 97, 103 (1976). To state an Eighth Amendment medical care claim, a prisoner must allege facts from which it can be inferred that he had a "serious medical need" and that prison officials were "deliberately indifferent" to this need. Id. at 104.

A "serious medical need" may be a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. Johnson v. Snyder, 444 F.3d 579, 584-85 (7th Cir. 2006). A medical need may be serious if it is life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering, Gutierrez v. Peters, 111 F.3d 1364, 1371-73 (7th Cir. 1997), "significantly affects an individual's daily activities," Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998), or otherwise subjects the prisoner to a substantial risk of serious harm, Farmer v. Brennan, 511 U.S. 825, 847 (1994).

"Deliberate indifference" means that the defendant was aware that the prisoner

needed medical treatment but disregarded the risk by failing to take reasonable measures. Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997). A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain. Estelle, 429 U.S. at 104-05; Gayton v. McCoy, 593 F.3d 610, 619 (7th Cir. 2010); Edwards v. Snyder, 478 F.3d 827, 832 (7th Cir. 2007). However, inadvertent error, negligence, gross negligence and ordinary malpractice are not cruel and unusual punishment within the meaning of the Eighth Amendment. Vance v. Peters, 97 F.3d 987, 992 (7th Cir. 1996); Snipes, 95 F.3d at 590-91. Thus, disagreement with a doctor's medical judgment, incorrect diagnosis or improper treatment resulting from negligence is insufficient to state an Eighth Amendment claim. Gutierrez, 111 F.3d at 1374; Norfleet v. Webster, 439 F.3d 392, 396 (7th Cir. 2006) ("[E]ven admitted medical malpractice does not give rise to a constitutional violation."). "[D]eliberate indifference may be inferred [from] a medical professional's erroneous treatment decision only when the medical professional's decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment." Estate of Cole by Pardue v. Fromm, 94 F.3d 254, 261-62 (7th Cir. 1996).

     I interpret plaintiff's complaint as alleging two claims under the Eighth Amendment against defendant Suliene: 1) she failed to provide adequate treatment for his hip condition by not recommending or approving plaintiff for hip surgery; and 2) she failed to provide adequate treatment for the pain from the hip injury before and after his appointment with Illgen.

6

Plaintiff's first claim must be dismissed because it is evident from the complaint that defendant Suliene was not deliberately indifferent to his hip condition. Plaintiff was treated by nurses the day after his fall. Two months later, he was seen by an orthopedic specialist, Dr. O'Brian, who recommended he be referred to the orthopedic clinic. Two months later, plaintiff was seen by another orthopedic specialist, Dr. Illgen. Although plaintiff alleges that defendant Suliene "fail[ed] to act on medical recommendations for surgery," neither O'Brian nor Illgen recommended orthoplasty or hip replacement. Although plaintiff experienced significant pain in the two months between the two specialist visits, two months is not an unreasonable time to wait to see a specialist.

Plaintiff disagrees with Illgen's diagnosis and recommendation, arguing that he did not perform a "thorough physical examination" and relied on the x-rays that were taken while plaintiff was lying on his side with no weight on the hip or joint. Plaintiff is understandably disappointed that Illgen did not recommend a hip surgery, but it is clear from plaintiff's allegations that Illgen examined plaintiff and made a medical judgment. A prisoner's disagreement with his physician's medical judgment does not rise to the level of "cruel and unusual punishment" under the Eighth Amendment. Estelle, 429 U.S. at 10; Gutierrez, 111 F.3d at 1374. Suliene was entitled to rely on Illgen's recommendations. She cannot be faulted for not approving or recommending surgical treatments that plaintiff's specialists never recommended. Plaintiff's Eighth Amendment claim against defendant Suliene for failing to adequately treat his hip condition must be dismissed for failure to state a claim.

7

Plaintiff's second claim that defendant Suliene did not treat his pain adequately must be dismissed under Rule 8 of the Federal Rules of Civil Procedure. To satisfy Rule 8, a complaint must include enough allegations to give the defendant "fair notice" of the claim and its basis, Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted), along with "some indication . . . of time and place" of the alleged events. Thomson v. Washington, 362 F.3d 969, 970–71 (7th Cir. 2004). A complaint consisting of nothing more than " 'naked assertion[s]' devoid of 'further factual enhancement,' " must be dismissed for failing to meet the requirements of Rule 8. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007)).

Overall, plaintiff's complaint is admirably clear and complete. However, on the issue of his pain treatment, plaintiff alleges only that 1) "defendant Dr. Suliene knowingly left the plaintiff in unnecessary and wanton infliction of pain" between the appointments on November 8, 2012 and January 12, 2012; and 2) at an unspecified time, she "failed to provide prescribed medication." Neither allegation gives defendant sufficient notice of the basis for plaintiff's claim against her.

In his first statement, it is unclear whether plaintiff is alleging that defendant Suliene did not treat his pain symptoms between his first and second appointments or that two months was too long to wait for the second appointment. Plaintiff never states explicitly that he did not receive pain treatment before his January 12 appointment. In addition, it appears that he was receiving some pain treatment during this time, because Illgen ordered that plaintiff "*continue* with Nsaids and needle hydocorticosteroid injections as needed for

pain management."

Plaintiff's second statement is similarly ambiguous. It is possible that he intended to allege that defendant Suliene did not provide the pain medications ordered by Dr. Illgen, including the Nsaids and steroid injections. Plaintiff does allege that he filed multiple health services requests asking whether the health services unit was equipped to provide steroid injections. However, plaintiff never states explicitly that he did not receive pain medication after his appointment with Illgen. In fact, he never explains what treatment he received after the appointment. Because the complaint does not provide adequate notice of what pain treatment Suliene provided, if any, I must dismiss this claim under Rule 8.

I will give plaintiff three weeks to file an amended complaint stating specifically what pain treatment he received and what defendant Suliene did or did not do to treat plaintiff's pain. If plaintiff files an amended complaint, he should take care to explain what pain treatment Suliene provided, if any; how effective the pain treatment was; and what Suliene knew about the other physician's recommendations and the effectiveness of his treatment.

ORDER

IT IS ORDERED that

1. Plaintiff Jody Wagner is DENIED leave to proceed on his claims against defendant Department of Corrections of Wisconsin and the complaint is DISMISSED as to the department.

2. Plaintiff is DENIED leave to proceed on his claim that defendant Dalia Suliene

violated his rights under the Eighth Amendment by not recommending or approving his hip surgery.

3. Plaintiff's claim that defendant Suliene violated his rights under the Eighth Amendment by not treating his pain adequately is DISMISSED without prejudice under Fed. R. Civ. P. 8. Plaintiff may have until November 8, 2012 to file an amended complaint that identifies what treatment, if any, defendant Suliene provided or withheld. If plaintiff does not file an amended complaint in that time, the court will dismiss the case.

Entered this 18th day of October, 2012.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge